**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOMINIC BAILEY,

                Petitioner-Appellant,

    v.

JOHN MYRICK,

                Respondent-Appellee.

No.    20-35549

D.C. No. 2:15-cv-01423-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted October 5, 2021[**]
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Dominic Bailey appeals the district court's denial of his habeas petition under

28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review a district court's denial of a § 2254 petition de novo.  *Cain v.
Chappell*, 870 F.3d 1003, 1012 (9th Cir. 2017).  Bailey's petition is governed by the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which bars relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). When, as here, the decision of the highest state court is unreasoned, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . [and] then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Bailey claims that he received constitutionally ineffective assistance of counsel when his trial attorney mistakenly opened the door to the introduction of his criminal convictions and withdrew her objection to their admission. To establish ineffective assistance of counsel, Bailey must demonstrate both deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under AEDPA, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [Bailey] must show that the [court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002) (citation omitted).

We assume without deciding that counsel was deficient in her cross-

examination of Detective Kelly when she elicited hearsay testimony that opened the door to admission of Bailey's prior convictions. Nevertheless, the state court reasonably concluded that counsel's cross-examination did not prejudice Bailey. This is because Bailey later decided to testify on his own behalf, which would have allowed his prior convictions to come in regardless. Thus, it was not objectively unreasonable for the state court to conclude that counsel's cross-examination did not give rise to a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A similar analysis applies to Bailey's next challenge, which is that his trial counsel rendered ineffective assistance of counsel in improperly withdrawing her objection to the introduction of Bailey's criminal history based on counsel's earlier questioning of Detective Kelly. Once again, the state court reasonably concluded that any failure to object did not prejudice Bailey because once he decided to testify, his prior convictions could be introduced regardless. *See id.* Therefore, the state court's rejection of this claim was not an objectively unreasonable application of *Strickland*.

We reject Bailey's claim that the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Under AEDPA, a state court decision is based on an unreasonable determination of the facts when "'the state court plainly misapprehends or misstates the record in making its

findings' or where the state court 'has before it, yet apparently ignores, evidence that supports petitioner's claim.'" *Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (alterations omitted) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004)).

Here, there is evidence that Bailey was not planning to testify before counsel cross-examined Detective Kelly. However, the state court, relying on an affidavit that Bailey's counsel submitted, concluded that his decision to testify was independent of his attorney's questioning of Kelly. Bailey offered no countervailing declaration to dispute trial counsel's account. Given this, the state court's factual finding was not unreasonable.

**AFFIRMED.**